**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benny David Gibson, | No. CV-19-05862-PHX-ROS (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

After being convicted in state court of a probation violation, Petitioner Benny David Gibson was sentenced to a 10-year term of imprisonment. In December 2019, Gibson filed the present case, seeking a writ of habeas corpus based on alleged violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. The Court ordered state officials to file a response. (Doc. 16). Shortly after that order, Gibson filed a document titled "Covid-19 Relief Petition and Monetary Relief" ("Relief Petition"). (Doc. 72, 23). That document argued that if Gibson contracted Covid-19 while he was in custody, he would seek twenty thousand dollars per day for medical expenses and, if he died, his family would seek three hundred million dollars in damages. (Doc. 23 at 4). That document also requested the Court order Gibson's immediate release because he is high-risk should he be exposed to Covid-19. (Doc. 23 at 4).

On June 2, 2020, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") regarding Gibson's Relief Petition. The R&R concludes that, to the extent Gibson is seeking monetary damages, the proper manner in which to do so

would be through a civil rights action, not this habeas corpus action. Thus, any request for monetary relief in this action should be denied. As for the portion of the Relief Petition seeking Gibson's release, the R&R assumes such relief might be available in "an extraordinary case" but this case does not qualify. (Doc. 72 at 2).

Gibson filed objections but those objections focus on Gibson's belief that he is entitled to a certificate of appealability. (Doc. 74 at 2) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)). Whether to grant a certificate of appealability, however, will be relevant only in the event the Court eventually denies Gibson's habeas petition. *See Miller-El*, 537 U.S. at 335-36 (explaining certificate of appealability allows for appellate review of district court denial of habeas petition). Now is not the time to resolve whether Gibson is entitled to a certificate of appealability and his objections on that point are irrelevant.

After citing the standard for a certificate of appealability, Gibson's objections do not present any response to the R&R's reasoning that this case is not the proper vehicle for Gibson to seek monetary relief. Therefore, the R&R's analysis regarding monetary relief will be adopted in full and the request for such monetary relief will be denied.

Gibson does present objections to the R&R's analysis regarding Gibson's release pending resolution of his petition. Those objections, however, do not establish release would be appropriate. Like the R&R, the Court will assume release pending resolution of a habeas petition is permissible. To qualify for such release Gibson would have to establish "this is an extraordinary case[] involving special circumstances or a high probability of success." *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). The R&R analyzed Gibson's medical conditions and concluded he has not established he is "at a high risk if he is exposed to Covid-19." (Doc. 72 at 5). The R&R also concluded Gibson has not established a high probability of success. Gibson's objections do not offer any meaningful arguments on these points. That is, the objections do not establish that Gibson's medical conditions render him uniquely susceptible to Covid-19 nor do the objections establish Gibson has a high probability of success. Therefore, the R&R's

analysis regarding Gibson's request for release will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 72) is **ADOPTED IN FULL**.  This Order shall not be sealed.

**IT IS FURTHER ORDERED** the "Covid-19 Relief Petition and Monetary Relief" (Doc. 23) is **DENIED**.

Dated this 8th day of July, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge