**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benny David Gibson, | No. CV-19-05862-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be dismissed with prejudice based on Petitioner's failure to exhaust his state court remedies. (Doc. 99). Petitioner filed objections arguing, among other things, that "ignoring" his claim "will result in a fundamental miscarriage of justice." (Doc. 103 at 3). Because the R&R accurately recounts the facts and law, it will be adopted in full.

In 2018, the Maricopa County Superior Court determined Petitioner violated his probation. As a result, Petitioner was sentenced to a ten-year prison term. Petitioner pursued a direct appeal but the Arizona Court of Appeals rejected Petitioner's claims. Petitioner also filed a petition for post-conviction relief with the trial court but the trial court rejected all of his claims. Petitioner then filed his federal habeas petition. The Court interpreted the petition as raising a single claim for relief based on Petitioner's claim that "his Fifth, Eighth, and Fourteenth Amendment rights were violated because the state court did not have jurisdiction, his conviction was obtained under an

unconstitutional statute, and his sentences were imposed without statutory authorization." (Doc. 16 at 2).

After reviewing Petitioner's state-court filings, the R&R reasons the various claims raised by Petitioner in his direct appeal proceedings "are not the same statutory and jurisdictional claims raised in this [federal] habeas petition." (Doc. 99 at 8). And the "statutory and jurisdictional challenges" raised in the direct appeal proceedings in the petition for review to the Arizona Supreme Court were not presented as "federal constitutional claims." (Doc. 99 at 8). Similarly, there is no indication Petitioner raised any claims to the Arizona Court of Appeals in his post-conviction relief proceedings. (Doc. 99 at 9). Thus, the R&R concludes Petitioner has not established "he properly exhausted his state remedies" on the claim he now seeks to pursue in federal court. (Doc. 99 at 9). The R&R also concludes there is no basis to excuse Petitioner's failure to exhaust. (Doc. 99 at 14). Petitioner objects to the R&R but he does not clearly address the procedural default issue.

Petitioner objects to the R&R's recital of the background information as "copied virtually verbatim from the state's answer." (Doc. 103 at 1). Petitioner does not, however, identify any inaccuracies in the background information. Petitioner then presents arguments that presumably are aimed at the merits of his claim. According to Petitioner, Arizona law does not allow "a prison term" when there is only a "technical probation violation" at issue. (Doc. 103 at 2). Petitioner also argues his revocation proceedings should have been held in "probation court" instead of "criminal court." (Doc. 103 at 2). These arguments do not give any reason to doubt the R&R's conclusion that Petitioner failed to raise in state court the claim he is now seeking to pursue in federal court.

In addition, Petitioner has not presented any basis to excuse his failure to exhaust his state remedies. Petitioner argues not excusing his failure will result in a fundamental miscarriage of justice. There is a "fundamental miscarriage of justice" exception that can excuse a failure to exhaust. That exception, however, "allows federal courts to excuse

procedural default in the truly deserving habeas petition where there is a showing of actual innocence." *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015). Here, Petitioner has not made a convincing showing of actual innocence. In fact, there is no question Petitioner violated his probation. The R&R will be adopted in full.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 99) is **ADOPTED IN FULL**. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion to Strike (Doc. 108) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED** because dismissal of the petition is justified by a procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 2nd day of September, 2021.

_____
Honorable Roslyn O. Silver
Senior United States District Judge